thank you all right let's call our first case 25-3090 cross versus City of Topeka, Kansas counsel. May it please the court I am Mark Allen Jess and I am here arguing on behalf of the appellant Jennifer Cross. This case is on all fours with the Wagoner versus Frito-Lay decision. I realize that was submitted on the briefs so it's not precedential but it is I think very persuasive authority because what happened here the initial trial judge found that two of the three plaintiffs that we represented did show the third prong of the McDonnell Douglas standard pretext but that somehow Jennifer Cross did not even though her promotional experience that occurred in 2022 when she was passed over for a captain in the Topeka Police Department occurred just one month later and it was the same plaintiffs who by the way at trial earned a unanimous jury verdict finding that the then chief Brian Wheelis intentionally discriminated against them because of their gender. He was the same decision maker that passed over Jennifer Cross and so counsel is it is your position or I want to better understand your argument or make sure I understand your argument is it your argument that the district court forced you to use a specific type of pretext evidence or is it your argument or perhaps you're making two arguments that the district court ignored evidence of pretext that it should have considered? Both both judge because obviously we have problems with the Ford decision and I would argue that in many ways it was overruled sub silentio by the Ames decision by the US Supreme Court because there the court and the district court judge brooms argued and found that in order to show pretext Jennifer Cross had to show that her qualifications qualifications were vastly superior to the other two candidates. You think that's what the district court required the way that I read it when I was looking at the transcript was the district court was just saying that shit there was no presentation of overwhelming evidence that she ordered for evidence that she was overwhelmingly qualified or more qualified than the others that was just language that was used based on what the claim was I mean the claim was that she was she was claiming at least that she was more qualified even though the other ones obviously had some very similar qualifications so why wasn't it why was it erroneous for the district court to use that language I didn't see it I'll just tell you I didn't see it as as the district court requiring that they present that kind of evidence I think the district court was just commenting on what the claim had been excellent question thank you judge first of all I'm the one who did the summary judgment briefing and to the extent and obviously judge brooms found that it was woefully whacking lacking the person that's responsible for that is standing before you however all of the evidence that supported both Jana Harden and supported Colleen Stewart was the same evidence that was presented on behalf of Jennifer cross and so um well it was it was it wasn't the same because the there was evidence that related to the other plaintiffs that wouldn't necessarily they they were competing against someone who was marked not qualified by at least one person right that is true Michael cross not the same with your with your client or this this particular plaintiff well judge I would respectfully disagree Jennifer cross was far more know if I that wasn't that wasn't what I said sorry are you I said that if the evidence showed that that one of the reviewers had had marked the prevailing applicant in the other two claimant with respect to the other two claimants as not qualified and that wasn't the case with respect to cross there was in the Michael cross promotion which we prevailed at court on on behalf of Jana Harden and Colleen Stewart one of the interviewers major clump marked him both as promotable and non-promotable much to Burke chief wheelers but no you're correct judge that there wasn't a non-promotable mark on a box in the interview for the two males Jerry Montesmith and Aaron Jones who were promoted over our client but it's not just as as I think the trial court argued it was not just Jennifer crossing that she was far more qualified in our brief we set out evidence from Kim Hanukkah who served under both Jennifer cross and Jerry Montesmith that she was far more qualified that he should not have ever been promoted to captain so what makes her subjective opinion enough to meet your burden it's not just subjective judge I would argue I would argue judge that in fact she had a master's degree at the time Jerry Montesmith did not know I'm talking about the the Hanukkah witness who said your client was better that's what you were saying well it was it was her I mean that's her subjective opinion that was better I think having served under both of them it's a reasonable subjective opinion if you want to let me ask you a different question because we could we could go we could debate the evidence forever but in your summary judgment brief there's no legal argument there is after you state basically the standard of review for summary judgment the summary judgment standard there's a discussion that they don't talk about McDonnell Douglas they don't suggest it's an invalid client method they don't talk about the Ford case they don't mention 1983 they don't talk about Monel what are we what are we supposed to do is that mean that all of your claims are on plane air no I don't believe so judge I think that the trial judges the initial trial judges opinion was arbitrary and capricious in this sense it was the same lack of argument that was presented on behalf of Jana Hardin and Colleen Stewart why were they entitled to go before a jury who unanimously found that yes the city of Topeka's Police Department intentionally discriminated against them because of their gender it was the same evidence the same argument so why in Jennifer's case was that fatal and not for the other two whom a jury found were intentionally discriminated against well you you agree don't you that he had to go comb through the facts himself and determine how it might apply to the claims in the case because there was no argument I mean generally what what you what we see is someone has presented these legal arguments in addition to the facts and so it puts the district court and everybody else at a difficult position when that doesn't happen because now we're reviewing his case based on arguments like the McDonnell Douglas test doesn't shouldn't even apply but he was never allowed to consider he could never consider that he didn't know it was an issue judge you're right and the person to blame is standing before you I'm asking that you don't hold it against our client Jennifer Cross but I cannot argue with you on that but why did he choose for the other two plaintiffs to come through the facts what they were fortunate they were I'm sorry they got through that themselves I don't know for whatever reason that's the first question I had but it's hard to say that the district court errors when there's no argument I mean that's that's the thing that I'm looking at regardless of what the standard of review is if there's no argument made that links up the the all of the undisputed facts that you put into the record how is it that a court could possibly err under any any standard of review and saying that that claims not going to fly now I agree with you I don't know why the other two got through it I don't understand it actually and I'm glad they did because obviously they had a viable claims and a trial but it could have easily been the case that their their claims would have been dismissed at the very same way that Miss Cross was but I have another question for you could mention McDonnell Douglas you would agree that as of today and especially during the time that this case was being litigated before the district court McDonnell Douglas had not been abrogated by the Supreme Court or the Tenth Circuit for before its use in summary judgment motions I know you criticize it but it's not like it's been overruled or abrogated abrogated in any way correct absolutely when we mentioned in our briefs the whole issue of the McDonnell Douglas standard maybe not being applicable or right that's simply based off the concurring opinion by Justice Thomas and I think Judge Justice Gorsuch you're preserving it for for perhaps for further review but it is not that case is binding on us you absolutely not yes yes you're exactly right Judge Rossman I was wondering if you could help me with this you know what we're talking today about the the district courts duty really to to consider your summary judgment motion how is it supposed to consider your summary judgment motion in the absence of of argument and the court says that it declined to comb through over 30 pages of facts and search for potential evidence of pretext that's what the court said in its order and certainly that resulted maybe differently for the other the other plaintiffs but my question is based on the standards of review that apply on appeal what is your best argument for why we this panel should set aside the fact that the district court said that and and review the record ourselves what is your best argument under the legal standards that apply to our review yes Judge as you know you review the grant of summary judgment de novo and if you look at the facts and unfortunately I've tried most of my cases over 35 years in state court so I don't pretend to be a federal practitioner and certainly I messed up in the briefing on summary judgment but we presented voluminous facts showing that there was a material issue of fact regarding the intent of Brian wheelers when he chose two less qualified males to become captain instead of Jennifer Cross so our argument is simply that when a jury found that our other two clients had been intentionally discriminated against Jennifer Cross was one of the key witnesses and so there's me to evidence involved there's the issue of the shifting decision of whether you have to have a master's degree or not it was common knowledge that Jerry Monismith had been investigated and substantiated to be a very bad police officer so everything that supported the judgment for Jana and Colleen supported Jennifer as well that sounds to me like you want us to consider what happened at the trial in deciding whether Judge Broome's appropriately granted summary judgment or not well I think it's evidence and certainly if we're talking about the section 1983 claims that Jennifer presented it's clear that that the jury anyway found that he intentionally discriminated and chief wheelers admitted in his deposition and I think it court that he knew it was illegal to promote someone or not promote someone because their gender so that definitely shows that is qualified immunity should not have been granted and I see that I'm almost out of time judge the bird the burden that burden is on you though qualified immunity rank well I mean don't you have the burden to prove to once qualified immunity is raised that that burden switches to you and you didn't say anything about it in your brief we did not say anything about it in our brief that is true judge I'm I've only got 30 seconds left I'd like to have some time for a bottle okay if I may we'll let you let's make sure any more questions no thank you okay okay we'll let you reserve the remainder thank you we'll probably give you a little extra where you only have a few cases this morning thank you good morning your honors may it please the court my name is James Phillip Gregson and I represent the Apple II the city of Topeka in this matter try not to be repetitive here I've already heard basically my arguments in exchange with counsel I'll address three issues the first of which is the McDonnell Doug Douglas burden shifting framework again number one as the panels pointed out that argument was never made before the district court judge he didn't have an opportunity to address it we believe it's waived however even if you apply plein air I've read Ames I've read heidel-hittel there's nothing over ruling McDonnell Douglas but it certainly has been criticized both by justice Thomas and judge I'd and it's to be honest it's probably a fair criticism but that it requires plaintiff using the McDonnell Douglas test requires a plaintiff to prove something at summary judgment stage rather than just showing that there are genuine issues of disputed fact so what why why isn't our argument why shouldn't that argument hold weight here when we consider whether it was appropriate to use that test well number one I don't think it's sufficient to to overturn McDonnell Douglas or Ford I agree there's criticism and I think it's it's kind of tricky I'll admit that when you consider when you get to the pretext prong I believe what judge Brooms was saying you you didn't make any connections for me as to why this is pretext okay can we talk about that for a second sure the district court made clear that it wasn't going to comb through the 30 pages of facts without argument and try to connect the dots yourself right but we have the discretion to overlook any waiver you would agree with that yes and we're on de novo review right yes okay so you agree that if we look at the full summary judgment record in this case that there's evidence of pretext in the record that had miss cross affirmatively marshaled that evidence maybe she'd be in a different place and why can't we do that now on appeal well I honor respectfully you could I just don't that there's evidence of pretext there the differences between and I hate to bring it up but the case that went to trial had to do with the promotion of major now interestingly Jennifer Cross who is on this appeal provided testimony about her husband that the district court also considered Jennifer Cross didn't have similar testimony having people pointed out or pointing out Mona Smith and why she didn't get promoted to the extent that mrs. cross talked about her husband not wanting to come to work being you know confused about some things what what have you and she testified at trial that way there was no similar type of pretext that was presented with regard to Jennifer Cross we we agreed there's a prima facie showing we can all throw up a bunch of facts but if you don't connect the dots to say and here's here's pretext and here's why all's we kept hearing was she's way more qualified Jerry small is a combat veteran that is served in Iraq two different times commanding troops including females he's eminently qualified for that position I think what the judge was looking for was tell me why your assertion that she was significantly more qualified how does that constitute pretext here and they able to do it similarly on the 1983 claims my favorite quote out of judge Broome's decision had to do with the Monell liability issue where quoting the judge plaintiffs have wholly failed to respond to defendants arguments which are extensive on the now liability and he goes on to say the evidence in this case clearly shows that women including plaintiffs have been consistently promoted contrary to what the position they're taking and he determined that by the evidence that's in the record this cross is arguing apparently that well anytime I have I applied for a position and didn't get it it must necessarily be because of gender what about Stuart and Hardin's experience with being passed over for the major position I mean that seems to satisfy our standard for anecdotal evidence me to evidence and that the time frame is consistent right there it matches this crosses non-promotion so I understand the threshold problem which is the dots were not connected but my question proceeds from the premise that given our standard of review we can look at the record and the record seems to include this evidence it seems to be consistent with what our legal standard requires for this sort of anecdotal evidence it wasn't considered by the district court why wouldn't that make a difference here well I didn't read the district court as saying they didn't read all the facts I read the district court is saying I read the facts but you didn't attach the argument respectfully I think if you reach the conclusion that he should be overturned because there was pretext you're gonna have to add some argument that's not present in the briefs frankly it's my sponsor I understand so my question is let's just assume for argument's sake that we were willing to do that because as an appellate court we have the discretion to overlook waiver do you agree that if we did that there is evidence in this record that satisfies the standards for showing pretext it with regard to Jennifer crosses yes I don't agree with that your honor I don't agree and is it because if I want to make sure I understand your argument I think that your argument is that and that's because not so much that the dots weren't connected but that she put all her eggs in one basket which is showing that she was more qualified is that a correct understanding of your argument that's part of it your honor part of it is and it's hard not to compare the Stuart Hardin issue Jennifer cross didn't have on the interview sheet to look at on monosmith and say oh you're you're not promotable as to X Y & Z type of position counsel sorry to interrupt you but stay in front of the mic yes I'm a wander I apologize Jennifer cross didn't have any similar type pretext evidence to present to the court again that that's the main thing the evidences was presented well she was qualified interestingly to note is miss Hardin was on the interview panel that promoted that promoted monosmith she said he was promotable again is that directly relevant to your question I don't know that it is your honor but it yes I believe the court can obviously do what what you're suggesting I just don't think there's sufficient pretext in there to overturn the district courts decision let me ask you if you have a response to the idea that our Ford case has been overruled substantial by the Supreme Court I disagree if we're talking about Ames Ames simply had to do with hey should there or should there not be a heightened burden when you get to the pretext stage it didn't say let's kick McDonnell Douglas it addressed that that part of the pretext where the court found hey you're elevating the burden of proof here that you don't need to do and you shouldn't do well I think the complaint was that Ames said something to the effect that if your position is there was pretext because I'm more qualified you have to show more than just arguably qualified you have to and I wrote it down someplace but I don't have it right oh in fact I do have it in front of me that Ford said we will infer pretext based on a comparison between a plaintiff's qualifications and those successful applicants only when the demonstrates an overwhelming merit disparity for it to be pretext I agree with that statement okay and here's an example and and so the argument though is I mean that's what it says I mean yes you can agree with it but the argument is is that that's been overruled I understand and I disagree here's the where it matters and when you compare qualifications when you get to the pretext stage right let's assume that miss cross her competition was a one year police officer who otherwise was eligible to be interviewed but didn't have any kind of real evidence or background of experience and Jennifer cross could have shown by the court in that scenario look at all my experience this guy has this okay it's not that I believe one person more and I they talk about these credibility determinations that would be a key but when they're they're like this equally capable yeah I think you have to if you're going to use that as a reason to show pretext I do think you have to show hey here's the disparity in qualifications that's that's how I think it should be and so your position would be the judge brooms looked at it looked at the evidence and said I don't see a disparity in qualifications here they may be different qualifications but they're not disparate qualifications and so she hasn't met her burden yes okay I agree with that so I'm not saying I agree with it I'm just asking if that's what you're saying yes that is what I'm saying with regard to Wagner I believe he counsel indicated he thought that impacted Ford as well Wagner applied the McDonnell Douglas test correct but Wagner they found that during the interview they statements were made about age repeatedly there is no such evidence in this case Brian Willis everybody said he's never said anything remotely discriminatory from a gender standpoint there was no similar evidence such as that that would have warranted the preclusion of summary judgment so unless you have more questions that's that's what I have to present your honors thank you thank you all right let's give I I promised counsel we'd give him a little extra time so let's give him an extra minute so he has a minute I so appreciate that judge Carson the bottom line is Jennifer Cross's qualifications were not the only factual evidence that we presented showing pretext keep in mind that speak of Police Department has never had a female chief of police has never had a female deputy chief the only major before they were forced to promote Janna Harden to major that was female there was only one before that so there had been a history of discrimination based on gender and we presented all of those facts that evidence of pretext yes as evidence of pretext judge that's evidence of pretext with regard to this process yes yes what else do you have that what else do if we were to go and comb through the facts as you laid them what else are we going to find that you believe she had her master's degree in public administration she had served in every single department across the Topeka Police Department unlike the two male candidates those are the two that come to mind immediately but judge what I'd like to say in my 16 seconds is defended in the companion case I think is going to argue that the summary judgment opinion which is attachment one to our opening brief is the law the case well if that's the fact then look at pages 27 and 28 of the opinion where he finds there was pretext and he found it because he found that the defendants decision-making explanation was unworthy of credence one month later same decision-maker promoted two males over Jennifer Cross that's pretext I appreciate y'all's time thank you counsel the case will be submitted we will not excuse counsel because we have another case I think with the same group or close to it